J-S49015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NAFIS ANTUAN FAISON | : | |
| | : | |
| Appellant | : | No. 600 MDA 2018 |

Appeal from the PCRA Order March 21, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001495-2014

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 04, 2018**

Nafis Antuan Faison ("Appellant") appeals *pro se* from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  After careful review, we affirm.

Appellant was detained and arrested on August 6, 2014, following police surveillance of a Bridge Street apartment in Lycoming County, Pennsylvania. Prior to Appellant's arrest, the police sent a confidential informant ("CI") into the apartment to make a controlled buy of crack cocaine.  N.T.(Suppression), 12/1/14, at 6.  At the time of the buy, the detective conducting the surveillance believed that Appellant was inside the apartment, and the affidavit of probable cause reflects that belief.  Affidavit of Probable Cause, 8/6/14, at unnumbered 2.  After the controlled buy, police observed Appellant standing outside of the Bridge Street apartment, conversing with the

_____
\*   Former Justice specially assigned to the Superior Court.

individual who sold the drugs to the CI, and handing currency to that individual. N.T.(Suppression), 12/1/14, at 9–10. Following his arrest, Appellant was strip searched and police recovered, *inter alia*, a plastic baggie containing approximately seven grams of cocaine. **Id**. at 33–36.

Prior to trial, Appellant filed a motion *in limine* seeking to preclude the Commonwealth from presenting evidence of the activities that occurred in the Bridge Street apartment. During the hearing on that motion, Appellant's counsel informed the trial court of the possibility of exculpatory evidence in the form of global positioning system ("GPS") monitoring, which Appellant alleged would prove he was not at the Bridge Street apartment when the controlled buy occurred.[1] N.T.(Hearing), 4/6/15, at 2.

Although Appellant sought additional discovery regarding the GPS information, he was informed, prior to the start of trial, that discovery was not available. N.T. (Trial), 4/20/15, at 7. During an off-the-record conference, it was determined that the manager of the county bail-release program, Harry Rogers, whom Appellant had subpoenaed, was not able to testify to the exculpatory information Appellant believed could be found on his GPS.[2] **Id**.

_____

[1] Appellant was wearing an ankle GPS monitor as part of his bail on an unrelated case.

[2] Due to the off-the-record nature of the hearing, our review is limited. This Court has reviewed a transcript of an earlier conference wherein the Commonwealth stated that the GPS information was not specific enough to (footnote continued)

Prior to trial, the Commonwealth stipulated that it would not discuss the August 6, 2014 controlled buy and, therefore, would not assert that Appellant was present for the buy. *Id*. at 7. As stipulated, the Commonwealth did not produce any evidence during Appellant's trial relating to the August 6, 2014 controlled buy at the Bridge Street apartment.

Following a jury trial, Appellant was convicted of one count each of the following: possession with intent to deliver a controlled substance, possession of a controlled substance, and possession of drug paraphernalia.[3] The court subsequently sentenced Appellant to twenty-two to forty-four months of incarceration, followed by five years of probation, for the possession-with-intent-to-deliver conviction. Order, 4/28/15, at 1. The court did not impose any additional sentence for the other charges. *Id*.

Appellant filed a timely post-sentence motion, which the trial court denied. Appellant filed a timely notice of appeal on August 14, 2015, and this

_____

prove when and where Appellant was located. N.T. (Hearing), 4/6/15, at 8. The Commonwealth specifically stated, "[A]ny additional evidence would not provide the specifics [Appellant's counsel] is seeking to learn from the information." *Id*. at 9. We also reviewed the subpoena of Harry Rogers, LCP, the individual Appellant subpoenaed to testify regarding GPS data and the Motion of Lycoming County Prison to Quash the Subpoena Directed to Harry Rogers. In the motion to quash, Lycoming County Prison averred that Mr. Rogers was unable to produce the requested information. Following the hearing, and upon defense counsel's request, the trial court released Harry Rogers from the subpoena. Order, 4/28/15.

[3] 35 P.S. §§ 780-113 (a)(30), (16), and (32), respectively.

Court affirmed Appellant's judgment of sentence on May 9, 2016. ***Commonwealth v. Faison***, 151 A.3d 1140, 1442 MDA 2015 (Pa. Super. filed May 9, 2016) (unpublished memorandum).

Appellant filed a timely PCRA petition, his first, on July 22, 2016. The PCRA court appointed counsel for Appellant on July 25, 2016, but due to the expiration of appointed counsel's contract with the court, new counsel was appointed on December 29, 2016. Appointed counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to ***Turner/Finley***.[4] The PCRA court granted the motion, and Appellant proceeded *pro se*. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following three issues for our review, verbatim:

A. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND ACQUIRE GPS INFORMATION WHICH WOULD HAVE PROVEN APPELLANT'S ARREST WAS UNLAWFUL.

B. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE MOTION TO SUPPRESS AFFIDAVIT OF PROBABLE CAUSE WHERE AFFIDAVIT CONTAINED KNOWING FALSE MATERIAL INSTRUMENTAL TO THE ESTABLISHMENT OF PROBABLE CAUSE.

C. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESENT GPS TRACKING EVIDENCE AT MOTION TO SUPPRESS HEARING TO CLEARLY SHOW THAT IT WAS IMPOSSIBLE FOR APPELLANT TO HAD BEEN PRESENT AT CONTROLLED BUY WHICH GAVE POLICE PROBABLE CAUSE TO DETAIN HIM.

---

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988)

Appellant's Brief at 3.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

All of Appellant's issues relate to alleged ineffectiveness of counsel. It is well settled that:

> [c]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *See* [*Commonwealth v.*] *Pierce*[, 527 A.2d 973 (Pa. 1987)]. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

- 5 -

*Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2016) (some internal citations omitted). Moreover, "[a] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." *Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014).

In support of his first issue, Appellant asserts that his counsel was ineffective for failing to investigate and retrieve GPS information that Appellant alleges would have proven that his arrest was unlawful. Appellant's Brief at 12. Specifically, Appellant alleges that the GPS information, which he avers counsel initially sought but then abandoned, would have provided exculpatory material and "aided in suppressing the probable cause to arrest, proving the police never had probable cause to detain Appellant, and most importantly that the evidence seized should have been suppressed." *Id*.

Appellant's claim fails because he cannot show his underlying issue is of arguable merit or that he was prejudiced by the alleged ineffectiveness of his counsel. As the PCRA court correctly found, Appellant was charged with crimes as a result of a search near the apartment where the controlled drug buy occurred, not because he was present when the buy occurred. Trial Court Opinion, 1/30/18, at 4. Even assuming the GPS information would show that Appellant was not at the property when the controlled buy occurred, police officers who were surveilling the apartment observed Appellant coming from

that same apartment later that day, after the controlled buy. *Id*. at 5. Moreover, police also observed Appellant conversing with the individual who sold the drugs to the CI and witnessed Appellant hand that individual currency. N.T. (Suppression), 12/1/14, at 13. As the trial court properly noted, "[t]he evidence collected from [Appellant] was admitted at trial, and [Appellant] was found guilty, with no reference made as to the activities that occurred in the apartment that gave rise to officers observing him depart the apartment." *Id*. Moreover, as discussed *infra*, Appellant is unable to ascertain that the GPS evidence at issue would establish Appellant's location during the controlled buy. Consequently, Appellant is due no relief.

In his second issue, Appellant argues that his trial counsel was ineffective for failing to file a motion to suppress the affidavit of probable cause specifically raising the GPS information. Appellant's Brief at 15. As discussed above, Appellant cannot show that the GPS evidence would prove he was not in the apartment when the controlled buy occurred and, therefore, he cannot attest he was prejudiced by the alleged failure of his counsel.

The above notwithstanding, Appellant points to the following language contained in the affidavit of probable cause as being deliberately and materially false: "During the narcotics investigation it was later determined that two B/M subjects were in the apartment during the controlled buy to include [Appellant]. Through the investigation it was later learned that [Appellant] did not make the delivery during the controlled buy but was

present in the residence." Appellant's Brief at 16 (quoting Affidavit of Probable Cause, 8/6/14, at unnumbered 2). Appellant claims that the GPS data would have shown that he was not in the apartment when the controlled buy occurred, and the warrant "contained material deliberately false statements." *Id*. at 17. Appellant further argues that if his counsel filed a motion to suppress the affidavit, it would have been granted, and the evidence seized from Appellant would have been suppressed. *Id*. Appellant also avers that the police officer's alleged misstatement regarding Appellant's location at the time of the buy "is what enabled the officer to allegedly investigate Appellant." *Id*. Finally, Appellant claims that the suppression court denied the motion to dismiss filed by Appellant because Appellant was at the earlier drug buy, and the police, therefore, had reasonable suspicion to detain and arrest him. *Id*. at 18.

Appellant's claim of ineffective assistance of counsel on these grounds fails because Appellant cannot prove the underlying claim has merit or that he was prejudiced by the alleged ineffective assistance. It is well established that "while [this Court has] recognized the veracity of facts establishing probable cause recited in an affidavit supporting a search warrant may be challenged and examined, we have not suggested that every inaccuracy will justify an exclusion of evidence as a result." *Commonwealth v. Baker*, 24 A.3d 1006, 1018 (Pa. Super. 2011) (quoting *Commonwealth v. Monte*, 329 A.2d 836, 842–843 (Pa. 1974) (citations omitted). Indeed, "misstatements of fact will

invalidate a search warrant and require suppression of the fruits of the search *only if the misstatements of fact are deliberate and material*." **Baker**, (emphasis in original).

In the instant case, the PCRA court reviewed the affidavit of probable cause and found that "there does not appear to be any material and intentional false statements present[ed] to the issuing authority such that [the] warrant would not issue." Trial Court Opinion, 1/30/18, at 6. This statement is supported by the record. In the instant case, the Bridge Street apartment was under surveillance for several hours. Appellant was observed leaving the Bridge Street apartment after the controlled buy, but the detective conducting the surveillance did not witness Appellant entering the Bridge Street apartment either before or after the controlled buy. N.T. (Suppression), 12/1/14, at 14.

Even if we found merit in Appellant's averments, we would find his argument waived because it is comprised almost exclusively of conclusory statements regarding the deliberate and material nature of the statements contained in the affidavit. Indeed, Appellant fails to engage in any meaningful discussion of what constitutes a material and intentional false statement and why the statement made by the affiant constitutes the same.[5] "It is an

---

[5] Although this Court is willing to liberally construe a brief filed by a *pro se* litigant, that status "generally confers no special benefit upon an appellant." **Commonwealth v. Pew**, 189 A.3d 486, 489 (Pa. Super. 2018).

appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and citations to legal authority." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010). Failure to present developed arguments or cite to supporting authorities and/or the record results in waiver of the claim. ***Commonwealth v. Perez***, 93 A.3d 89, 838 (Pa. 2014). Further, to the extent Appellant argues that "[w]here the police officer affiant makes an untrue or misleading statement in an affidavit of probable cause, the warrant is invalid [and] all evidence obtained as a result of the subsequent search is suppressed," that argument misstates the law, as discussed above. Appellant's Brief at 17. Appellant's second claim of ineffective assistance counsel provides no ground for relief.

In his third and final issue, Appellant asserts that trial counsel was ineffective for failing to present the GPS tracking data during a motion to suppress "to clearly show that it was impossible for Appellant to had been pres[]ent at controlled buy which gave police probable cause to detain him." Appellant's Brief at 17. In support of this issue, Appellant argues that the suppression court "believed that Appellant was at an earlier buy which therefore, gave police reasonable suspicion to detain and arrest Appellant later in the day." Appellant's Brief at 18. Appellant misstates the reasons the suppression court found that he was lawfully detained by the police. In its

opinion, the suppression court relied on the following factors in finding reasonable suspicion:

> After the CI deal, [Detective] Diaz observed Peterson and [Appellant] converse outside of the apartment. This shows an association between Peterson and [Appellant]. Diaz later observed what he suspected was [Appellant] handing currency to Peterson. The sale of cocaine to the CI, the presence of [Appellant] during the sale, the movement of various people in and out of the apartment, [Appellant's] conversations with Peterson and [Appellant] handing money to Peterson provided the police with reasonable suspicion that [Appellant] was engaged in the sale of drugs.

Opinion and Order, 1/14/15, at 5. Moreover, we note that during the suppression hearing, the police officer who observed Appellant noted that the Bridge Street apartment is located in a high crime area, and there were specific complaints about the sale of narcotics at that location. N.T. (Suppression), 12/1/18, at 11–12. Reasonable suspicion is a less stringent standard than that required for probable cause. *Commonwealth v. Brown*, 996 A.2d 473, 477 (Pa. 2010). "In order to demonstrate reasonable suspicion, the police officer must be able to point to specific and articulable facts and reasonable inferences drawn from those facts in light of the officer's experience." *Commonwealth v. Cook*, 735 A.2d 673, 677 (Pa. 1999).

Given the facts as set forth by the detective surveilling Appellant, even if Appellant had been able to produce "viable GPS evidence" establishing that Appellant was not in the Bridge Street apartment at the time of the controlled buy, that fact does not exonerate him nor does it prove that the police did not have reasonable suspicion to detain him. Indeed, as the PCRA court stated,

"[The suppression court] determined that the officers did have reasonable suspicion to detain [Appellant] in the Family Dollar parking lot outside any authority granted by the search warrant." Trial Court Opinion, 1/30/18, at 6. The suppression court's determination was affirmed by this Court on direct appeal. *Faison*, 1442 MDA 2015 (unpublished memorandum). Appellant's counsel, therefore, was not ineffective for failing to raise a meritless claim.

For all the foregoing reasons, order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/04/2018